*In re* Enmienda al inciso (b) de la Regla 4 del Reglamento del Tribunal Supremo de Puerto Rico.

*Número:* ———— *Resuelto:* 3 de febrero de 1987

### RESOLUCIÓN

Por la presente se enmienda el inciso (b) de la Regla 4 del Reglamento del Tribunal Supremo de Puerto Rico, 4 L.P.R.A. Ap. I-A, R. 4 (b), para que lea:

*Regla 4. Decisiones en los méritos*

.    .    .    .    .    .    .    .    .

(b) Los jueces que intervengan en la decisión de un caso deberán indicar su posición dentro de *veinte* días de circulada una ponencia como sentencia o dentro de *treinta* días de circulada una ponencia como opinión. Cualquier juez que desee expresar por escrito su criterio deberá notificarlo a los demás jueces dentro del término indicado y deberá circular su ponencia dentro de los treinta días siguientes. Este término podrá ser ampliado por el Tribunal, por causa justificada. *Una vez dicho juez exprese por escrito su criterio, los demás jueces deberán expresar su posición al respecto dentro de cinco días de circulada dicha expresión escrita cuando la ponencia original se circuló como sentencia o diez días cuando la ponencia original se circuló como opinión.*

Cuando un juez no se manifestare *o no formulare su ponencia dentro de los términos* a que se refiere el párrafo anterior, se podrá certificar la decisión haciéndose constar su no intervención o su expresión si la hubiere hecho. *No se podrá certificar ponencia alguna que no haya sido previamente circulada a todos los jueces por lo menos diez días antes de ser certificada, a menos que una mayoría así lo dis-*

*ponga o que por la naturaleza urgente del asunto se prescin-*
*da de dicho término, aunque no de la circulación.*

El párrafo anterior no aplicará a las ponencias circuladas durante los últimos *quince* días del término de sesiones, en cuyo caso los términos antes prescritos comenzarán a contar desde el primer día hábil del próximo término de sesiones. En casos de ponencias circuladas durante el primer mes del término de sesiones, el término para devolver o indicar criterio será de *cuarenta y cinco* días.

Cuando se circulare una ponencia y ésta recibiere la conformidad de todos los jueces, será certificada por el juez ponente como la decisión del Tribunal. Cuando la ponencia circulada obtuviere la conformidad de una mayoría de los *demás* jueces, *por lo menos veinticuatro horas antes de certificarla como decisión del Tribunal, el juez ponente deberá notificar de su propósito de así hacerlo, informando a su vez la fecha de circulación de la ponencia,* los nombres de aquellos jueces que se hubieren inhibido o no intervinieren, los que concurrieren y los que disintieren. *Todas las ponencias sobre un caso o asunto se certificarán simultáneamente, excepto en las circunstancias indicadas en el siguiente párrafo.* Al certificarse una ponencia el juez ponente lo informará por escrito a los demás jueces.

*Los jueces sólo podrán reservarse el derecho a emitir una ponencia luego de que se haya certificado una decisión del Tribunal cuando, por la naturaleza del asunto envuelto, la mayoría del Tribunal haya decidido acortar los términos aquí establecidos. En estas circunstancias, el juez que se haya reservado este derecho tendrá que circular su ponencia dentro del término de diez días contados a partir de la fecha en que notificó dicha reserva. Los otros jueces tendrán un término adicional de cinco días para expresar su posición sobre la ponencia descrita anteriormente. Concluidos estos términos se certificarán todas las ponencias o expresiones simultáneamente y desde ese momento no se certificará ninguna otra ponencia o expresión sobre el caso.*

*El término ponencia incluye sentencias, opiniones, votos particulares o explicativos, así como cualquier otra expresión escrita de un juez.*

Estas enmiendas tendrán vigencia inmediata.

Lo acordó el Tribunal y certifica el señor Secretario General. El Juez Asociado Señor Rebollo López emitió opinión disidente.

> (*Fdo.*) Bruno Cortés Trigo
> *Secretario General*

—O—

Opinión disidente emitida por el Juez Asociado Señor Rebollo López.

La responsabilidad que contrajimos al tomar posesión del cargo que ocupamos —el cual no sólo nos concede unos derechos sino que nos impone unos deberes ineludibles— no nos permite permanecer callados ante las enmiendas a la Regla 4(b) del Reglamento del Tribunal Supremo de Puerto Rico, 4 L.P.R.A. Ap. I-A, R. 4(b), que en el día de hoy una mayoría de los señores jueces que componen el Tribunal ha tenido a bien aprobar mediante resolución a esos efectos. [1]

Las citadas enmiendas fundamentalmente tienen como objetivo la prohibición de la "práctica" de que un juez de este Tribunal se pueda reservar el derecho a emitir en el futuro una opinión concurrente o disidente; práctica que como señaláramos en el voto particular que certificamos el día 13 de enero de 1987 en el caso de *Pueblo* v. *González Navarrete*, 117 D.P.R. 577 (1987), es una aceptada que existe hace más de veinte (20) años en esta jurisdicción.

Consideramos que la prohibición de la misma tal y como ésta ha existido por más de dos décadas [2] constituye un error

---

[1] La aprobación de la citada resolución, obviamente como consecuencia de lo "acontecido" en el recurso CR-85-35, *Pueblo* v. *González Navarrete*, 117 D.P.R. 577 (1987), fue objeto de otro incidente, el cual, en estos momentos, resulta innecesario reseñar.

[2] Según las enmiendas aprobadas, únicamente se podrá recurrir a dicha práctica cuando "por la naturaleza del asunto envuelto, la mayoría del Tribunal, haya decidido acortar los términos" establecidos en la Regla 4(b) del Reglamento del Tribunal Supremo de Puerto Rico.

el cual este Tribunal lamentará según sus miembros actuales vayan haciendo camino con el pasar de los años. Dicha determinación —no obstante ser bien intencionada— puede tener el efecto de entorpecer el desarrollo del Derecho en nuestra jurisdicción. En adición, la referida determinación tiene la consecuencia indeseada de suprimir la posibilidad de la disidencia o la crítica fundamentada a una decisión mayoritaria por parte de uno o varios de los señores jueces de este Tribunal que en un momento determinado se encuentren en minoría; actitud o posición que recientemente criticáramos indirectamente respecto a otra de las ramas de nuestro Gobierno.

Entendemos es nuestra obligación expresarnos una vez más, en disidencia. Estamos plenamente conscientes de que ello puede no ser del agrado de todos por lo que podemos ser objeto de críticas. Aceptamos dicho riesgo por cuanto el deber no puede ser soslayado.

I

La forma y manera en que se trabaja y la labor que se realiza en un tribunal colegiado es sumamente distinta a aquella de un tribunal de primera instancia, sea éste perteneciente a la esfera estatal como a la federal.

En los tribunales de primera instancia el juez resuelve los casos ante su consideración de acuerdo a los hechos que él entiende han quedado establecidos y conforme lo que él personalmente considera es el derecho aplicable a los mismos. No necesita el consentimiento de ninguna otra persona para emitir la decisión final en el caso.

En un tribunal colegiado, por el contrario, para que se emita una decisión se requiere, por lo menos, que una *mayoría* de los señores jueces que integran el mismo estén de acuerdo no sólo con el resultado final al que se llega sino con los fundamentos para sostener el mismo. Ya que personas razonables pueden diferir razonablemente sobre un asunto, lograr el resultado deseado no constituye tarea fácil.

Lo anteriormente expresado requiere que los componentes de un tribunal colegiado continuamente, luego de que uno de ellos prepara y circula una ponencia, estén en conversaciones tendentes a lograr un acuerdo. Si consideramos que dicho patrón de conducta resulta necesario no sólo respecto a todas y cada una de las ponencias que ese juez prepara y circula, sino que respecto a todas y cada una de las ponencias circuladas por todos y cada uno de los demás integrantes de ese tribunal colegiado, fácil resulta darse cuenta que la labor es extremadamente difícil y compleja.

A ello le debemos añadir el hecho de que los miembros de *este* tribunal colegiado tienen la responsabilidad, semana tras semana, de resolver si revisar o no las sentencias finales emitidas por todas las salas del Tribunal Superior de Puerto Rico en relación con las cuales se radican ante este Tribunal recursos de revisión y apelación, y de decidir si expedir o no los recursos de *certiorari* respecto a las numerosas resoluciones interlocutorias dictadas por esos tribunales de instancia.

El futuro, en este aspecto, no luce halagador. El cúmulo de trabajo ciertamente va en aumento. En palabras del Señor Juez Pons Núñez "estamos viviendo en una sociedad que tiene una probada y cada día más voraz propensión litigiosa" y, desafortunadamente, "la capacidad productiva de los jueces tiene unos límites que no guardan proporción con esa" propensión litigiosa. (³)

Es por ello que resulta de fácil comprensión el porqué —no obstante los términos concedidos por la citada Regla 4 (b) del Reglamento— los jueces de este Tribunal tengan en ocasiones la necesidad de hacer la mencionada reserva. (⁴)

---

(³) Discurso pronunciado por el Señor Juez Presidente de este Tribunal en ocasión del juramento de nuevos abogados los días 14 y 15 de enero de 1987.

(⁴) El descargo, en forma responsable, por los señores jueces de este Tribunal de todas las anteriormente reseñadas funciones explica el porqué algunos jueces certifican un número menor de ponencias que otros. No somos

En adición, no todas las ocasiones en que un juez de un tribunal colegiado propulsa una posición en particular puede convencer a los demás componentes del mismo, no importa los fundamentos que aduzca. En esas ocasiones, el deseo de expresar su criterio por escrito debe ceder ante otros imperativos: ni es justo que la decisión mayoritaria a emitirse se dilate innecesariamente, con el consiguiente perjuicio para los litigantes; ni resulta conveniente que la consideración por ese juez de otros asuntos más urgentes sea pospuesta. Tampoco, sin embargo, se debe evitar que ese juez exponga su criterio al respecto para la posteridad. (5)

Debe mantenerse presente que la reglamentación de la práctica aquí en controversia y, por lo tanto, la limitación de la posibilidad de que se emita un disenso tendrá la consecuencia de forzar a los jueces a recurrir, cada día más, a la disidencia no explicada; lo cual no le hace bien a esta Institución por cuanto, entre otros, ello no resulta en beneficio alguno para la clase togada ni ayuda a fortalecer la fe de nuestro Pueblo en la justicia que día a día dispensa su más alto Tribunal.

En resumen, impedir —limitando el término— que un juez se exprese al enfrentarse a una materia del Derecho que a juicio de éste es de extrema importancia para dicha disciplina o para uno de sus conciudadanos, puede tener el lamentable re-

---

iguales; no todos tenemos las mismas habilidades y capacidades. Lo importante, naturalmente, es la calidad de las decisiones que se emiten, no el número de ellas. Claro está, todos venimos en la obligación de autoexigirnos un mínimo de trabajo.

(5) No debemos perder de vista que el juez que originalmente tiene a su cargo un recurso en particular cuenta, dentro de lo razonable, con tiempo ilimitado para poder estudiar, ponderar y redactar la ponencia que luego circulará entre sus compañeros jueces. Aun cuando reconocemos que resulta necesario el establecimiento de unos términos para que los restantes jueces se expresen respecto a la ponencia circulada, es un hecho innegable que existe un "desbalance" entre el tiempo con que cuenta el juez que originalmente circula y el tiempo concedido al que pretende expresarse respecto a la ponencia. Ahí radica precisamente la razón de ser de la reserva; la misma intenta subsanar el "desbalance". La acción hoy tomada por una mayoría del Tribunal hace más gravosa la situación.

sultado de evitar el enriquecimiento del Derecho y el fortalecimiento de este Tribunal.

## II

La determinación que hoy se ha tomado tiene, por lo antes expresado, el efecto perjudicial e indeseable de coartar el derecho a expresarse de los componentes de este Tribunal y afecta el desempeño y descargo del deber y las responsabilidades que todos los miembros de esta Institución tenemos con el Pueblo de Puerto Rico.

Un tribunal colegiado nunca debe suprimir o limitar el derecho de expresión de sus integrantes. Tenemos la obligación como jueces de fomentar al máximo la observancia de ese derecho. Debemos siempre recordar que la posición minoritaria de hoy puede constituir la mayoritaria del mañana.