EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Enmiendas a la Regla 5 del Reglamento del Tribunal Supremo | 2010 TSPR 27<br><br>178 DPR _____ |

Número del Caso: ER-2010-1


Fecha: 9 de marzo de 2010

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Enmiendas a la Regla 5 del
Reglamento del Tribunal
Supremo

ER-2010-1

RESOLUCIÓN

En San Juan, Puerto Rico, a 9 de marzo de 2010.

I

La Regla 4(a) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A R. 4(a), establece que todas "[l]as decisiones del tribunal en pleno se adoptarán por mayoría de los(as) jueces que intervengan, pero ninguna ley se declarará inconstitucional a no ser por una mayoría del número total de los jueces que componen el tribunal".

Por su parte, la Regla 5 del Reglamento del Tribunal Supremo, id., R. 5, establece en su inciso (a) que cuando el Pleno se reúne y vota, el Juez Presidente asigna los recursos a los demás Jueces para la redacción y circulación de una opinión o sentencia, aunque la posición del Juez Presidente al votar en el caso sea minoritaria. Es conveniente que en esa situación, la asignación la haga el(la) Juez Asociado(a) de mayor antigüedad que haya votado con la mayoría. Como ese(a) Juez comparte la posición de la mayoría del Pleno al votar, se le hace más fácil identificar el fundamento mayoritario de entre todos los que pueda haber para llegar a un mismo resultado.

Por consiguiente, ese(a) Juez puede identificar con mayor precisión a quién asignar el caso para lograr que surja una opinión o sentencia del Tribunal que recoja el criterio mayoritario. Como es lógico, esa tarea es más difícil para quien no comparte el criterio que prevaleció en un caso. La enmienda que aquí se aprueba atiende y corrige esta situación.

La norma adoptada es la misma que impera, en términos generales, en el Tribunal Supremo Federal y en los máximos tribunales de los estados de Arizona, Colorado, Maryland y New Jersey. Solamente diez de los cincuenta estados de la Unión siguen el mismo sistema que este Tribunal ha seguido hasta el presente. P. Brace, K. Sims Butler, New Perspectives for the Comparative Study of the Judiciary: The State Supreme Project, 22 Just. Sys. J. 2 y 3 (2001). En todos los foros que siguen la norma que hoy adoptamos, los recursos se asignan después que el Pleno los discute. Esa realidad objetiva no cambia por el hecho de que esa discusión se dé después de una vista oral o después de una reunión de Pleno como dispone nuestra Regla. La enmienda tampoco altera el sistema de asignación de casos para discusión en pleno.

En su inciso (b), la Regla 5, supra R. 5(b), señala categóricamente que "[n]o se podrá certificar ponencia alguna que no haya sido previamente circulada a todos(as) los(as) Jueces por lo menos diez (10) días antes de ser certificada, a no ser que una mayoría así lo disponga o que por la naturaleza urgente del asunto se prescinda de dicho término, aunque no de la circulación". En otras palabras, el Tribunal en Pleno puede acortar los términos para certificar una ponencia pero ésta no puede dejar de circularse a todos(as) los(as) Jueces antes de certificarla. Añadimos ahora un párrafo al inciso (b) que aclara definitivamente el alcance de esta disposición para que no se repita lo que sucedió en Domínguez Castro y otros v. Gobierno del E.L.A. y otros, resuelto en 2 de febrero de 2010, 2010 T.S.P.R. 11, cuando las ponencias disidentes se enviaron a certificar a la Secretaría sin haberse circulado antes entre todos los miembros del Tribunal. Por eso, se establece de manera categórica y sin margen para dudas o interpretación, que se hayan acortado o no los términos reglamentarios, "no se certificará ponencia alguna que no se haya circulado antes entre todos los integrantes del Tribunal". La enmienda al texto de la regla es aclaratoria y por consiguiente, no cambia la norma imperante.

II

Conforme con la autoridad que nos concede el Art. V, Sec. 4 de la Constitución de Puerto Rico, se enmienda la

Regla 5 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A R.5, para que lea:

**Regla 5. Decisiones en los méritos**

(a) Los casos para decisión en los méritos se asignarán a los(as) Jueces por el Juez Presidente cuando éste haya votado con la mayoría en la conferencia semanal del Pleno del Tribunal, mediante memorando o de cualquier otro modo. Cuando el Juez Presidente no haya votado con la mayoría, el caso será asignado por el(la) Juez Asociado(a) de mayor antigüedad que haya votado con la mayoría. En ambas circunstancias, la asignación se hará dentro de los cinco (5) días siguientes a la fecha en que los casos quedaren sometidos.

(b) Los(as) Jueces que intervengan en la decisión de un caso deberán indicar su posición dentro de veinte (20) días de circulada una ponencia como sentencia o dentro de treinta (30) días de circulada una ponencia como opinión. Cualquier Juez que desee expresar por escrito su criterio deberá notificarlo a los(as) demás Jueces dentro del término indicado y deberá circular su ponencia dentro de los treinta (30) días siguientes. Este término podrá ser ampliado por el Tribunal, por causa justificada. Una vez dicho(a) Juez exprese por escrito su criterio, los(as) demás Jueces deberán expresar su posición al respecto dentro de cinco (5) días de circulada dicha expresión escrita cuando la ponencia original se circuló como sentencia o diez (10) días cuando la ponencia original se haya circulado como opinión.

Cuando un(a) Juez no se manifestare o no formulare su ponencia dentro de los términos a que se refiere el párrafo anterior, se podrá certificar la decisión haciéndose constar su no intervención o su expresión si la hubiere hecho. No se podrá certificar ponencia alguna que no haya sido previamente circulada a todos(as) los(as) Jueces por lo menos diez (10) días antes de ser certificada, a no ser que una mayoría así lo disponga o que por la naturaleza urgente del asunto se prescinda de dichos términos, aunque no de la circulación.

El párrafo anterior no aplicará a las ponencias circuladas durante los últimos quince (15) días del término de sesiones, en ese caso

los términos antes prescritos, comenzarán a contar desde el primer día hábil del próximo período de sesiones. En el caso de ponencias circuladas durante el primer mes de sesiones, el término para devolver o indicar criterio será de cuarenta y cinco (45) días. Por acuerdo de la mayoría del Tribunal, podrán continuar certificándose ponencias durante el período de receso del Tribunal, siguiendo los términos previamente expresados.

Cuando se circulare una ponencia y ésta recibiere la conformidad de todos los(as) Jueces, será certificada por el(la) Juez ponente como la decisión del Tribunal. Cuando la ponencia circulada obtuviere la conformidad de una mayoría de los(as) demás Jueces, por lo menos veinticuatro (24) horas antes de certificarla como decisión del Tribunal, el(la) Juez ponente deberá notificar de su propósito de así hacerlo, informando a su vez la fecha de circulación de la ponencia, los nombres de aquellos(as) Jueces que se hayan inhibido o que no hayan intervenido, los que hayan concurrido y los que hayan disentido. Todas las ponencias sobre un caso o asunto se certificarán simultáneamente, excepto en las circunstancias indicadas en el siguiente párrafo. Al certificarse una ponencia, el(la) Juez ponente lo informará por escrito a los(as) demás Jueces.

Los(as) Jueces sólo podrán reservarse el derecho a emitir una ponencia luego de que se haya certificado una decisión del Tribunal cuando, por la naturaleza del asunto implicado, la mayoría del Tribunal haya decidido acortar los términos aquí establecidos. En estas circunstancias, el(la) Juez que se haya reservado este derecho deberá circular su ponencia dentro del términos de diez (10) días contados a partir de la fecha en que se haya notificado dicha reserva. Los(as) otros(as) Jueces tendrán un término adicional de cinco (5) días para expresar su posición sobre la ponencia descrita anteriormente. Simultáneamente concluidos estos términos, se certificarán todas las ponencias o expresiones y, desde ese momento, no se certificará ninguna otra ponencia o expresión sobre el caso.

En todas las situaciones dispuestas en este inciso no se certificará ponencia alguna

que no se haya circulado antes entre todos los integrantes del Tribunal.

El término ponencia incluye sentencias, opiniones, votos particulares o explicativos, así como cualquier otra expresión escrita de un(a) Juez.

Esta enmienda comenzará a regir inmediatamente. Se ordena la publicación inmediata de esta Resolución.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez presidente señor Hernández Denton emitió un Voto Particular Disidente, al cual se unió la Juez Asociada señora Rodríguez Rodríguez. La Juez Asociada señora Fiol Matta emitió un Voto Particular Disidente, al cual se unió la Juez Asociada señora Rodríguez Rodríguez.

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Enmiendas a la Regla 5
del Reglamento del Tribunal          ER–2010–1
Supremo

Voto Particular Disidente emitido por el Juez Presidente SEÑOR HERNÁNDEZ DENTON al cual se une la Juez Asociada SEÑORA RODRÍGUEZ RODRÍGUEZ

San Juan, Puerto Rico, a 9 de marzo de 2010.

Disentimos del proceder errado de una mayoría de los miembros de este Tribunal, quienes, partiendo de una premisa que distorsiona la realidad, y apartándose de la tradición de lograr consenso al emprender la tarea de modificar las reglas que dirigen nuestros procesos internos, en el día de hoy enmiendan la Regla 5 del Reglamento de este Foro, 4 L.P.R.A. Ap. XXI–A.

I.

La Regla 5(a) de nuestro Reglamento dispone que "los casos para decisión en los méritos se

asignarán a los(as) jueces por el Juez Presidente o, en su defecto, por el (la) Juez Asociado(a) de mayor antigüedad". Sin embargo, mediante la enmienda que hoy se adopta, se modifica la Regla 5(a) para disponer que los casos para decisión en los méritos se asignarán "por el Juez Presidente cuando éste haya votado con la mayoría en la conferencia semanal del Pleno del Tribunal" o, cuando éste no haya votado con la mayoría, "por el(la) Juez(a) Asociado(a) de mayor antigüedad que haya votado con la mayoría". **La razón que alegadamente motiva a una mayoría de los miembros del Tribunal para impulsar esta enmienda – de forma repentina y sin discusión alguna– es atender y corregir una "situación" que, en realidad, no existe.**

Específicamente, los compañeros Jueces Asociados que han endosado con su voto la enmienda a la Regla 5(a) han consignado en la Resolución de epígrafe un método de asignación de opiniones que supuestamente se sigue en este Tribunal. Señalan que en la reunión semanal del pleno, una vez se discuten los recursos y se vota para expedirlos o denegarlos, el Juez Presidente procede a designar el juez o jueza que redactará la opinión o sentencia. Ello, según se expone en la Resolución que hoy se aprueba, crea una "situación" en la cual el Juez Presidente asigna un caso para la redacción de una opinión o sentencia aunque no comparta el criterio mayoritario, a pesar de que al Juez Asociado de mayor antigüedad que votó en la mayoría se le haría más fácil identificar el fundamento

mayoritario para llegar a un resultado.  Nada más lejos de la verdad.

**Como bien sabemos todos los que integramos este Foro y participamos de las reuniones semanales de pleno, el método de asignación de opiniones descrito hoy por los compañeros de la mayoría no es, ni ha sido, el que se sigue actualmente en este Tribunal.  En ese sentido, la enmienda parte de una premisa ficticia que vicia por completo cualquier fundamento que pueda esbozarse para modificar el sistema de asignación de opiniones que de costumbre se ha seguido en este Tribunal.**

Desde que el entonces Juez Presidente señor José Trías Monge nos juramentó al cargo de Juez Asociado de este Tribunal en 1985, e incluso a lo largo de las presidencias de los Jueces Víctor Pons Núñez, José Andréu García, Miriam Naveira Merly y de este servidor, y de las presidencias interinas de los Jueces Carlos J. Irizarry Yunqué, Antonio S. Negrón García y Francisco Rebollo López, el método de asignación de casos que por costumbre han seguido los Jueces Presidentes –al amparo de la propia Regla 5(a) de nuestro Reglamento– se ha basado en un mecanismo de rotación equitativa mediante el cual se le asigna a todos los jueces un mismo número de casos para informarlos ante la reunión semanal del pleno del Tribunal.  Si la recomendación de ese juez o jueza al informar el caso es endosada por la mayoría, dicho juez se convierte en el juez ponente de la Resolución del Tribunal

en la que se expide o deniega el auto de *certiorari* o se emite una orden de mostrar causa. Posteriormente, cuando el caso acogido quede sometido, se le asigna a ese mismo juez para su disposición en los méritos. Por el contrario, si la recomendación del juez que informa el caso ante el pleno no es avalada por una mayoría, la costumbre siempre ha sido que en esa misma reunión se reasigna el caso a uno de los jueces cuyo criterio coincida con el de la mayoría. Será entonces dicho juez quien emitirá la Resolución del Tribunal y dispondrá del caso cuando éste quede sometido en los méritos. De ordinario, esta reasignación se lleva a cabo mediante el consenso del propio pleno.

Es decir, el sistema actual parte de un criterio objetivo y equitativo en la distribución de casos. A su vez, provee suficiente flexibilidad para que las opiniones puedan ser asignadas según el criterio mayoritario, **no por fíat presidencial**, como aparentan aseverar los compañeros Jueces Asociados que hoy deciden enmendar la Regla 5(a) de nuestro Reglamento. Incluso, la reasignación de opiniones puede ocurrir después que el juez ponente circula su ponencia en atención, una vez más, al criterio mayoritario, según éste se refleja en la votación sobre la ponencia circulada. Precisamente, una de las virtudes del sistema actual es que éste permite la distribución objetiva de los recursos, evitando así la indeseable práctica que tanto se criticó a jueces presidentes anteriores de asignarse las opiniones más importantes,

cosa que en el pasado se ha conocido como *il boccato di cardinale*.

Durante los veinticinco años que hemos formado parte de este Tribunal, el método que hemos descrito es el que todos los jueces presidentes han utilizado. Éste ha funcionado adecuadamente a través de los años, aún ante las variaciones en la composición de los miembros de este Tribunal. En la medida en que una mayoría del Tribunal se abstrae de esa realidad al enmendar la Regla 5(a) y, por tanto, parte de una premisa falsa, nos vemos obligados a concluir que su proceder no es otra cosa que un ejercicio arbitrario de poder.

Por otro lado, en la propia Resolución que hoy se aprueba se indica que el nuevo método de asignación de opiniones rige únicamente en el Tribunal Supremo de Estados Unidos y en cuatro estados. Es decir, la mayoría del Tribunal ha optado por asimilar nuestro procedimiento interno de asignación de opiniones a uno que ha sido rechazado por la inmensa mayoría de los Tribunales Supremos estatales, específicamente, un 92%. Lógicamente, si la tendencia en Estados Unidos ha sido apartarse del sistema que hoy se adopta en este Tribunal ello se ha debido a las consecuencias operacionales que genera su implantación.

Asimismo, la mayoría del Tribunal pasa por alto que la enmienda efectuada a la Regla 5(a) resulta del todo incompatible con el contexto tradicional y actual del

proceso de disposición de casos en nuestro Tribunal y es ajeno a nuestra realidad jurídica. A diferencia del método que tradicionalmente se ha seguido en nuestro Foro, en el Tribunal Supremo de Estados Unidos y en las cuatro jurisdicciones donde rige el sistema en controversia, la asignación de los casos ocurre después que se celebra una vista oral. En esas jurisdicciones, distinto a la nuestra, después que se celebra dicha vista oral, los jueces se reúnen en una conferencia en la que discuten el caso en los méritos y exponen sus respectivos puntos de vista. Es en ese momento, cuando ya se tiene un panorama claro de los méritos de la controversia presentada y cada juez puede emitir un voto a la luz de ello, que opera la disposición reglamentaria que hoy se adopta. En otras palabras, la regla en cuestión sólo se activa luego de que todos los miembros del Tribunal han escuchado a las partes en una vista oral. De ello, precisamente, es que se deriva el mayor beneficio de la disposición aludida, cosa que errónea y expresamente se descarta en la Resolución que se aprueba en el día de hoy.

La concesión de vistas orales no ha sido, desafortunadamente, la tradición de este Foro, lo que se ignora al adoptar la nueva Regla 5(a). No debemos olvidar la utilidad que tiene la celebración de una vista oral en cuanto a garantizar el debido proceso de ley de las partes y la transparencia del procedimiento judicial. Es por esa razón que hemos favorecido las vistas orales en el pasado.

En vista de ello, no hallamos beneficio futuro alguno en la enmienda efectuada a la Regla 5(a) de nuestro Reglamento. En esencia, ésta sólo trasplanta a nuestro Reglamento un injerto derivado del sistema de asignación de opiniones que por uso y costumbre se ha seguido en el Tribunal Supremo de Estados Unidos y en un número mínimo de jurisdicciones estatales. **A nuestro juicio, su adopción constituye otro desacierto de la mayoría que "este Tribunal lamentará según sus miembros actuales vayan haciendo camino con el pasar de los años". <u>In re Reglamento del Tribunal Supremo</u>, 118 D.P.R. 279, 282 (1987) (Op. Disidente, J. Rebollo López).**

## II.

De otra parte, aun cuando no tenemos objeción en cuanto al texto de la enmienda adoptada por el Tribunal respecto al inciso (b) de la Regla 5 del Reglamento de este Foro, nos vemos obligados a precisar el porqué de ello.

De entrada, es menester señalar que, al igual que la anterior Regla 5(b), la nueva Regla establece los términos aplicables a la circulación de ponencias y permite que una mayoría del Tribunal decida acortar los términos reglamentarios para disponer de un caso, en atención a la naturaleza de éste. 4 L.P.R.A. Ap. XXI-A, R.5(b). Cuando esto último ocurra, la regla reconoce que los jueces podrán reservarse el derecho a emitir una ponencia luego de que se haya certificado la decisión del Tribunal. *Íd.*

Para viabilizar dicha reserva, tanto la nueva regla como la anterior disponen que el juez que desee acogerse a ésta deberá notificarlo, luego de lo cual tendrá diez días para circular su ponencia. Una vez se circula dicha ponencia, los otros jueces tendrán un término de cinco días para expresar su opinión sobre ésta. Según lo dispuesto en la Regla 5(b) —tanto en su texto anterior como en el que hoy se adopta— una vez concluye ese término de cinco días para expresarse sobre la primera ponencia no podrán emitirse expresiones ulteriores. Es decir, la Regla 5(b) no permite extender los términos establecidos en ella para posibilitar una réplica a aquellas ponencias emitidas en respuesta a la primera ponencia. Ello surge explícitamente de la letra clara de la referida disposición, la cual establece que "[s]imultáneamente concluidos estos términos, se certificarán todas las ponencias o expresiones y, desde ese momento, no se certificará ninguna otra ponencia o expresión sobre el caso". *Íd*.

Ciertamente, la posibilidad de acortar los términos reglamentarios en un caso determinado para dar lugar al derecho de reserva disponible en la Regla 5(b) constituye una excepción que debe ser empleada con prudencia, sólo en atención a la naturaleza singular del caso. El procedimiento interno de circulación de opiniones en este Tribunal, como último intérprete de la Constitución y las leyes de nuestro país y como foro responsable de

establecer precedentes jurídicos, debe proveer holgura para la deliberación y el consenso que debe caracterizar un foro colegiado. Sólo así el parecer de cada uno de sus miembros tendrá espacio para madurar y, a su vez, las opiniones endosadas por una mayoría del Tribunal podrán ser el reflejo de una decisión ponderada y enriquecida por la diversidad de criterios. En la medida en que la Regla 5(b) permite acortar los términos y apresura el proceso decisorio del Tribunal, ésta se desvía del curso ordinario que ha de seguirse en un foro como el nuestro. Por ello, su aplicación, además de ser excepcional, debe ceñirse estrictamente a los términos dispuestos en el Reglamento.

Ahora bien, a diferencia de la anterior Regla 5(b), la nueva Regla dispone en su penúltimo párrafo que, aún en aquellos casos en que se acorten los términos reglamentarios, todas las ponencias deberán circularse entre todos los integrantes del Tribunal antes de ser certificadas. Es decir, la aprobación de la nueva enmienda obedece a que del texto de la anterior Regla 5(b) no surgía el requisito de circular las ponencias suscritas en respuesta a aquella opinión avalada por una mayoría del Tribunal **cuando se haya decidido acortar los términos reglamentarios.**

Sobre este particular, la mayoría del Tribunal hace referencia a la segunda oración del segundo párrafo de la Regla 5(b) para sostener que ésta es supuestamente clara en cuanto al requisito de circulación de ponencias en toda

circunstancia. No obstante, al así hacerlo se ignora el hecho de que esa disposición se refiere a la circulación de ponencias dentro de los términos ordinarios de votación. La primera oración de dicho párrafo, la cual se omite al citar la disposición aludida en la Resolución, indica que cuando un juez o jueza no haya votado o emitido ponencia alguna dentro de los términos dispuestos en el primer párrafo, se podrá certificar la ponencia y se hará constar su no intervención. Contrario a lo que se señala en la Resolución que emite el Tribunal en el día de hoy, de una lectura integrada de la Regla 5(b) se desprende que la anterior disposición sólo aplica en el contexto de la circulación de ponencias dentro de los términos ordinarios, y, en esas circunstancias, impone un requisito de circular las ponencias para que todos los jueces tengan la oportunidad de emitir su voto.

El propósito de dicha norma es evitar que se haga constar que un juez o jueza no intervino cuando realmente no votó porque la ponencia no le fue circulada. Es en ese contexto de circulación dentro de los términos reglamentarios ordinarios que aplica la referida disposición. Claramente, ello es distinto a aquellas situaciones extraordinarias en las que se acortan los términos, lo que se atiende al final de la Regla 5(b).

Evidentemente, la enmienda efectuada en el día de hoy a la Regla 5(b) en efecto valida la posición sostenida por nosotros, por la compañera Jueza Asociada señora Fiol

Matta y por la compañera Juez Asociada señora Rodríguez Rodríguez al disentir en <u>Domínguez Castro y otros v. Gobierno del E.L.A. y otros</u>, res. el 2 de febrero de 2010, 2010 T.S.P.R. 11. En esa ocasión, la mayoría del Tribunal decidió acortar los términos reglamentarios para disponer del caso que decretó la constitucionalidad de la Ley Núm. 7 de 9 de marzo de 2009. Por discrepar del trámite judicial seguido en dicho caso, pues no permitió la presentación de la prueba necesaria para resolverlo adecuadamente, suscribimos las Opiniones Disidentes correspondientes, las cuales nos propusimos certificar junto a la Opinión del Tribunal. Ante ello, algunos miembros de este Foro mostraron inconformidad e, incluso, expresaron que nuestra actuación era contraria al Reglamento del Tribunal.

No obstante, la realidad es que ese señalamiento no encontraba apoyo alguno en nuestro Reglamento, pues nada disponía éste en cuanto al requisito de circulación de ponencias en aquellas circunstancias en las que se acorten los términos reglamentarios. Prueba de ello es la propia enmienda efectuada en el día de hoy a la Regla 5(b), la cual, en esencia, constituye una admisión por parte de aquellos miembros del Tribunal que objetaron en aquel momento de que su crítica era infundada. Así, pues, nos satisface que al adoptar esta enmienda se reconozca que, contrario a lo aseverado entonces, nuestra actuación no estuvo al margen del Reglamento. Con la referida enmienda

queda vindicado nuestro proceder al suscribir la Opinión Disidente en <u>Domínguez Castro y otros v. Gobierno del E.L.A. y otros</u>, *supra*.

Ante esta realidad, sin embargo, los mismos compañeros jueces intentan justificar su postura errada al ampararse en la disposición contenida en el segundo párrafo de la Regla 5(b), la cual, según discutimos, es inaplicable a lo ocurrido en <u>Domínguez Castro y otros v. Gobierno del E.L.A. y otros</u>, *supra.* Peor aún, en su intento fútil por salvar lo insalvable, incurren en una contradicción absurda al expresar que "la **enmienda** al texto de la regla es aclaratoria y por consiguiente, **no cambia** la norma imperante". (Énfasis nuestro).

Ciertamente, –por definición– las enmiendas[1] se realizan para modificar las normas existentes, por lo que, necesariamente, el resultado de una enmienda será un cambio, ya sea algo añadido, eliminado o reemplazado en la disposición anterior. Por lo tanto, la aseveración de la mayoría a esos efectos resulta incompatible con los propósitos de una enmienda. Nos preguntamos si, en este sentido, la Resolución del Tribunal tendrá efecto alguno en los procesos de este Foro, pues según se asevera en la misma, ésta no cambia nada.

---

[1] Según el Diccionario de la Lengua Española, "enmienda" significa, entre otras cosas, "acción y efecto de enmendar"; "propuesta de variante, adición o reemplazo de un proyecto, dictamen, informe o documento análogo"; y "en los escritos, rectificación perceptible de errores materiales, la cual debe salvarse al final". Real Academia Española, <u>Diccionario de la Lengua Española</u>, 22da ed., Madrid, 2001.

III.

En conclusión, la enmienda realizada a la Regla 5(a) del Reglamento de este Tribunal no goza de justificación alguna ni resuelve un problema con el método que, por más de dos décadas, ha seguido este Tribunal. Por su parte, la enmienda efectuada a la Regla 5(b) sirve el propósito de incorporar un aspecto cuya ausencia ocasionó en el pasado interpretaciones claramente erradas. Es ésta, únicamente, su razón de ser.

**El proceso de enmendar el Reglamento de este Foro, no puede tomarse livianamente, sino que debe responder a un ejercicio de cuidadosa circunspección, como ha sido nuestra tradición hasta hoy, y no a un mero capricho de modificar la regla existente simplemente porque haya cuatro votos para endosarlo. A la larga, es nuestra institución la que sufre y se desprestigia ante el país. Para quienes hemos dedicado nuestra vida al servicio de este Tribunal es sumamente preocupante lo ocurrido. Por eso, no podemos permanecer callados.**

En vista de ello, no podemos avalar con nuestro voto el errado proceder de la mayoría de este Tribunal de enmendar nuestro Reglamento. Por lo tanto, disentimos.


                                        Federico Hernández Denton
                                              Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Enmienda a la Regla 5(a)
del Reglamento del Tribunal          ER-2010-1
Supremo de Puerto Rico

Voto particular disidente emitido por la Jueza Asociada señora Fiol Matta al cual se une la Jueza Asociada señora Rodríguez Rodríguez

En San Juan, Puerto Rico a 9 de marzo de 2010.

Disiento de la enmienda que la mayoría de este Tribunal ha propuesto para la Regla 5(a) de nuestro Reglamento. Mi disenso se sostiene en tres consideraciones principales. Primero, entiendo que el método fraccionado que se está utilizando para enmendar el Reglamento no es el más apropiado. Considero, como lo manifesté mediante memorando al expresar mi conformidad con la enmienda sugerida para la Regla 5(b)[2], que nuestro Reglamento de 1996

---

[2] "En cuanto a la enmienda propuesta a la Regla 5(b) de nuestro Reglamento, hubiera preferido posponer la aprobación de un nuevo texto y considerarlo dentro de un proceso de revisión total del Reglamento de 1996. Dicho eso, como se ha sometido a votación un texto alterno que atiende, al menos en parte, los malos entendidos, estoy conforme con su aprobación".

debe revisarse en su totalidad, de manera que pueda atemperarse a los cambios que se han realizado en la Ley de la Judicatura de 2003, las Reglas de Procedimiento Civil y las Reglas de Evidencia. Esto para que exista coherencia y lógica en la elaboración y aplicación de nuestro Reglamento.

Segundo, no se ha definido la necesidad o problema que atendería la enmienda propuesta. Durante mis seis años en este Tribunal el actual proceso de asignación de casos ha mostrado ser objetivo y efectivo. Más aún, los casos quedan asignados, en términos prácticos, durante la reunión semanal del Pleno, por lo que lo único que hace el memorando que el Juez Presidente envía cuando un recurso expedido queda sometido es reiterar y oficializar la asignación inicial. La enmienda sugerida en lugar de agilizar el proceso de asignación de casos podría hacerlo más lento y desorganizado.

En tercer lugar, el cambio propuesto crea una imbricación innecesaria e incluso, cierto antagonismo entre las funciones adjudicativas y administrativas del Juez Presidente. Esto porque el cumplimiento de su función como Juez en el Pleno del Tribunal, es decir, su voto, determinará el ejercicio de su función como Juez Presidente en la asignación de los casos. De esa forma, la enmienda propuesta va a la médula de la administración del Tribunal. Es cierto que este Tribunal es colegiado para efectos de la

adjudicación de los casos, pero no para su administración. Esta función es exclusiva del Juez Presidente.[2]

En ausencia de estudios previos que demuestren la necesidad de cambio y que propongan una alternativa más congruente con nuestro funcionamiento como cuerpo colegiado, no hay razón para intervenir con un esquema que ha probado su eficiencia y que se ha administrado siempre con la mayor corrección. Por todo lo expresado, me veo en la obligación de disentir de la enmienda a la Regla 5(a) aprobada por la mayoría de este Tribunal.

Liana Fiol Matta
Jueza Asociada

---

[2] Artículo 5, sección 7, Const. E.L.A., 1 L.P.R.A. sec. 7; Ley Núm. 201 de 22 de agosto de 2003, conocida como Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, 4 L.P.R.A. sec. 24j (Suplemento Acumulativo, 2009). Véase, además, la Regla 8 del Reglamento del Tribunal Supremo, *supra*.